UNITED STATES v. KESSEL (seven cases).

(District Court, N. D. Iowa, E. D. June 4, 1894.)

Nos. 3,511, 3,514, 3,515, 3,518, 3,520, 3,521, and 3,536.

1. VIOLATION OF PENSION LAWS—INDICTMENT.
An indictment under Rev. St. § 5421, averring in substance that defendant transmitted to the commissioner of pensions a falsely altered certificate made by the board of surgeons in relation to a claim for pension of a named person, is bad, in that it fails to show that such certificate was transmitted in support of, or in relation to, any specified account or claim pending in a named department, bureau, or office.

2. SAME.
An indictment under Rev. St. § 5421, merely charging, in the words of the statute, that defendant, with intent to defraud the United States, did utter and publish as true a certain falsely altered certificate of the board of surgeons, in the matter of the pension claim of a person named, is fatally defective, in that it fails to show how or to whom the certificate was published, or that it was published to obtain, or aid in obtaining, money from the United States, or could result in defrauding the United States.

These were indictments charging George Kessel with violating the pension laws. Defendant demurred to the indictments.

Cato Sells, U. S. Dist. Atty., and M. D. O'Connell, for the United States.

Lyon & Lenehan, H. T. Reed, and W. H. Barker, for defendant.

SHIRAS, District Judge. By section 5421 of the Revised Statutes, it is declared that "every person * * * who transmits to, or presents at, or causes or procures to be transmitted to, or presented at, any office or officer of the government of the United States, any certificate, receipt, or other writing, in support of, or in relation to, any account or claim, with intent to defraud the United States, knowing the same to be false, altered, forged or counterfeited, shall be imprisoned," etc. By the indictments filed in cases Nos. 3,511, 3,514, 3,515, 3,520, 3,521, and 3,536, the defendant herein is charged with violations of this section. Within the meaning of this section, I hold that the commissioner of pensions is an officer of the United States; that the pension office is an office of the government; that a claim or application for a pension, or for an increase thereof, is a claim against the United States; that the finding or report of a surgeon, or board of surgeons, of the result of an examination of an applicant for a pension, is a certificate or writing in relation to a claim; and that the transmitting or presentation of such a report or writing to the commissioner of pensions, in relation to a pension claim, knowing the same to be false, altered, forged, or counterfeited, with the intent to defraud the United States, is a violation of the statute; and the contentions of defendant to the contrary of these propositions are overruled.

A more serious question arises upon the objection made that the indictment failed to aver that the altered reports were transmitted to the commissioner of pensions in support of, or in relation to, a pending claim.

This averment is wanting, and it seems to me to be a fatal omission. It is well settled that all the elements necessary to constitute the complete offense must be affirmatively and directly charged, it not being sufficient that these elements, or any one of them, might be inferred from the recitals in the indictment. U. S. v. Carll, 105 U. S. 611; Pettibone v. U. S., 148 U. S. 197, 13 Sup. Ct. 542. These indictments, in substance, charge that the defendant transmitted to the commissioner of pensions a falsely altered certificate, made by the board of surgeons, in relation to a claim for pension of a named person. The averment is that the certificate was made in relation to a claim, but it is not averred that it was transmitted in support of or in relation to a pending claim of A. B. The section on which these indictments are based is aimed at efforts to defraud the United States by transmitting, or procuring to be transmitted or presented, any false, altered, forged, or counterfeited deed, power of attorney, order, certificate, receipt, or other writing in support of or in relation to any account or claim against the United States, the party transmitting or presenting the same knowing it to be false, altered, forged, or counterfeited. To make out a case under the section, it must appear that there is an account or claim against the United States, and that in support thereof, or in relation thereto, the defendant knowingly transmitted, or procured to be transmitted or presented, a false, altered, forged, or counterfeited deed, etc. If a person knowingly transmitted a false or altered deed or other writing, but did not do so in support of or in relation to some existing account or claim, how could the United States be defrauded? Furthermore, the defendant is entitled to be informed, in advance of the trial, of all the essential facts expected to be alleged against him, in order that he may be prepared to meet the same. These indictments do not inform him touching the account or claim in regard to which the government charges that the altered certificates were forwarded, nor in what department, bureau, office, or other place they are pending. Under the direct averments in the indictments, it might be that the altered certificates were forwarded in relation to a claim of the board of surgeons. If each indictment charged that the altered certificate was transmitted to the commissioner of pensions in relation to any existing or pending claim for pension of A. B., then the defendant is informed in relation thereto, and may be prepared to show that no such claim is pending or exists, or that the certificate was not forwarded in relation to that claim.

For these reasons the demurrers to the first and second counts of the indictment in case No. 3,511, and to the indictments in cases Nos. 3,514, 3,515, 3,520, 3,521, and 3,536, must be sustained.

The third count in the indictment in case No. 3,511 charges that the defendant, with intent to defraud the United States, did utter and publish as true a certain falsely altered certificate of the board of surgeons of Howard county, Iowa, in the matter of the pension claim of one Theron F. Anchmoody. The indictment uses the language of that portion of section 5421 upon which it is based, but it does not aver how or to whom the certificate was uttered or pub-

lished, nor that it was uttered or published to obtain, or aid any other person in obtaining, any money from the United States, or any one else. It is simply averred that the defendant, knowing its falsity, did utter and publish an altered certificate, showing wherein it was altered, with intent to defraud the United States. No fact or facts are averred, showing that the United States would be defrauded by the uttering or publishing. The fact of the uttering or publishing is an essential in the offense. How can the defendant prepare to meet this charge in the indictment? Were the uttering and publishing consummated by a publication in a newspaper, by delivering it to the pension claimant, by sending it to the pension office, or to the secretary of the interior, or to congress, in aid of an application for a special act? Must the defendant be prepared to meet evidence tending to show every possible mode of uttering and publishing? The rule applicable to such cases is found in the decisions of the supreme court in U. S. v. Hess, 124 U. S. 483, 8 Sup. Ct. 571; U. S. v. Cruikshank, 92 U. S. 542; Pettibone v. U. S., 148 U. S. 197, 13 Sup. Ct. 542. In U. S. v. Cruikshank, it is said:

"The object of the indictment is—First, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent, and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances."

What facts are averred from which the court can determine whether, in truth, the defendant did utter or publish the altered certificate, or did utter or publish the same in such a manner as to defraud the United States? As is said in U. S. v. Hess, supra:

"Undoubtedly, the language of the statutes may be used in the general description of an offense; but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged."

The count in question is clearly lacking in these particulars. It does not aver facts, but solely conclusions of law, in the language of the statute; and it is therefore insufficient, and the demurrers thereto must be sustained.

The fourth count in the indictment in case No. 3,511 is based upon the first clause of section 5421, and charges the defendant with falsely making a surgeon's certificate in relation to a pending pension claim of one Horace B. Nichols. I think this count sufficiently sets forth the facts necessary to constitute the offense intended to be charged against the defendant.

The same is true in regard to the indictment in case No. 3,518, which charges the altering and forging of a certificate of the board of surgeons in regard to the pension claims of one Libeus G. St. John; and the demurrer to the fourth count of the indictment in case No. 3,511, and to the indictment in case No. 3,518, will therefore be overruled.