UNITED STATES v. BYRON et al.

(District Court, D. Oregon. May 3, 1915.)

No. 6726.

UNITED STATES ☞121—"CLAIM AGAINST THE UNITED STATES"—FRAUD—"WRITING IN SUPPORT OF ANY CLAIM."

A preliminary sworn application for the purchase of land under the Timber and Stone Act, conferring merely the privilege of purchasing land on compliance with the law and rules of the Land Department made in pursuance thereof, is not a "writing in support of, or in relation to, any claim," within Cr. Code (Act March 4, 1909, c. 321, § 29, 35 Stat. 1094 [Comp. St. 1913, § 10193]), punishing presentation of any

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

writing in support of, or in relation to, any claim, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeit, since a claim, within the statute, is a demand of something from the United States on the ground of right, as the assertion of a right to the title, possession, or ownership of property, or the affirming of a debt, obligation, or the like, and to constitute the crime there must be such an account claim existing or pending, and the false writing must be presented in support of, or in relation thereto.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 109; Dec. Dig. ☞121.

For other definitions, see Words and Phrases, First and Second Series, Claim.]

Carlos L. Byron and another were indicted for crime. Demurrer to indictment sustained.

Clarence L. Reames, U. S. Atty., of Portland Or., for the United States.

P. V. Davis and E. M. Comyns, both of Seattle, Wash., for defendants.

BEAN, District Judge. Defendants were indicted for a violation of the latter clause of section 29 of the Criminal Code, which reads as follows:

"Whoever shall transmit to, or present at, or cause or procure to be transmitted to, or presented at, any office or officer of the government of the United States, any deed, power of attorney, order, certificate, receipt, contract, or other writing, in support of, or in relation to, any account or claim, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited," etc., shall be punished accordingly.

It is alleged in the indictment that on June 9, 1914, the defendants did knowingly and feloniously transmit to and present at, and cause to be presented to and presented at the United States land office at Roseburg, Or., a certain false and fraudulent writing in support of or in relation to a claim against the United States, with intent to defraud the United States, knowing the same to be false. The writing is set out in the indictment, and consists of the preliminary sworn statement or application of one Emma L. Brockwell to purchase certain described lands under the Timber and Stone Act (Act June 3, 1878, c. 151, 20 Stat. 89 [Comp. St. 1913, § 4671]). It appears to have been verified by the applicant before the receiver of the land office, and contains a statement to the effect that the applicant had personally examined the land, knew that it was unfit for cultivation and valuable chiefly for its timber, that it was worth $425, and was uninhabited, which statements, it is alleged, were untrue and false, and known to be such to the defendants when they presented or caused such application to be presented at the land office.

The defendants demurred to the indictment on the ground, among others, that a preliminary sworn statement or application for the purchase of land under the Timber and Stone Act does not constitute the presentation of a writing in support of or in relation to a claim against the United States, within the intendment of the statute, and in this view I concur.

The purpose of the statute is to punish attempts to defraud the United States by transmitting or presenting, or causing to be transmitted or presented, to or at an officer or office of the United States, any writing in support of or in relation to an account or claim against the United States, with intent to defraud the United States; the party presenting the same knowing it to be false, altered, forged, or counterfeit. The false writing must therefore be transmitted or presented in support of or in relation to some account or claim, and it is essential that there be an existing account or claim against the United States in support of or in relation to which the false writing is transmitted or presented.

"To make out a case under this section," says Judge Shiras, "it must appear that there is an account or claim against the United States, and that in support thereof, or in relation thereto, the defendant knowingly transmitted, or procured to be transmitted or presented, a false, altered, forged or counterfeited deed, etc. If a person knowingly transmitted a false or altered deed or other writing, but did not do so in support of or in relation to some existing account or claim, how could the United States be defrauded?" United States v. Kessel (D. C.) 62 Fed. 60.

A claim, within the meaning of this statute, is the demand of something from the United States on the ground of right, as the assertion of a right to the title, possession, or ownership of property, or the affirming of a debt, obligation, or the like, and to constitute the crime charged there must be such an account or claim existing or pending, and the false writing must be presented in support of or in relation thereto. Such seems to be the adjudged cases in which the statute has been enforced as far as I am able to ascertain. Thus in United States v. Staats, 8 How. 40, 12 L. Ed. 979, and United States v. Bickford, 4 Blatchf. 339, Fed. Cas. No. 14591, the false writings were submitted in support of applications for a pension and for a bounty land warrant due as a matter of right under a law of the United States to certain qualified persons for military service. In United States v. Davis, 231 U. S. 183, 34 Sup. Ct. 112, 58 L. Ed. 177, the false writing was presented in support of an application for a soldier's additional homestead under a statute of the United States. In each of these cases a right or claim against the United States was vested in certain persons by virtue of a law thereof, and the false writings were submitted in support of such claims.

Now the alleged false writing set out in the indictment, and which it is charged the defendants presented or transmitted to the land office, was not in support of or in relation to a pending right or claim against the United States. The Timber and Stone Act does not confer the right upon any person to purchase land, but the privilege to do so upon compliance with law and the rules and regulations of the Land Department made in pursuance thereof. At the time the Brockwell application was filed, she had no claim against the United States for the land she applied to purchase or prior right thereto. Her right or claim, if any, was initiated by the filing of the preliminary sworn statement or application, and it was not, in my judgment, submitted in support of or in relation to a claim within the meaning of the statute. If perjury or subornation of perjury was committed in the making or

filing of the application, there is a law providing for the punishment of the guilty party or parties; but it is not the one on which the present indictment is based.

The demurrer will be sustained.