**UNITED STATES of America, Plaintiff,**

v.

**Martin TIEGER, Defendant.**

**Civ. No. 914–53.**

United States District Court
D. New Jersey.

Nov. 18, 1954.

**710**

Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., for plaintiff.

Samuel Voltaggio, Newark, N. J., for defendant.

SMITH, District Judge.

This is a civil action under Sections 231 and 232 of Title 31 U.S.C.A. The complaint contains seven counts, each of which purportedly states a separate claim based on the provisions of the former section. The action is before the Court on the motion of the defendant to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed.Rules Civ.Proc., rule 12(b) (6), 28 U.S.C.A.

The pertinent provisions of Section 231, upon which the claims are based, read as follows: "Any person * * *, who shall make or cause to be made, or present or cause to be presented, for payment or approval, to or by any person or officer in the civil, * * * service of the United States, any *claim upon or against the government of the United States*, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent, or who, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, makes, uses, or causes to be made or used, any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry, * * *, shall forfeit and pay to the United States the sum of $2000, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing such act, together with the costs of suit; and such forfeiture and damages shall be sued for in the same suit." (Emphasis by the Court.)

Each of counts 1 to 5, inclusive, asserts only a claim for statutory damages in the amount of $2,000. These counts allege generally: (a) that the General Union Mortgage Company was a financial institution qualified and eligible for credit insurance against losses sustained as a result of loans, authorized and empowered as such by the Federal Housing Administrator; (b) that the defendant, for and on behalf of named clients, caused to be made and presented to the said institution applications for "Property Improvement Loans"; (c) that statements contained in the credit applications were false and fraudulent and known by the defendant to be false and fraudulent; (d) that the loans were granted in reliance upon the credit applications; (e) that promissory notes, executed by the clients, were negotiated and assigned to the First Bancredit Corporation; and (f) that the said promissory notes were offered to and accepted by the Federal Housing Administrator for insurance, "based on a loan report submitted" by the said Corporation.

There is no allegation in the counts here under consideration that any claim against the United States was made; in fact, it is conceded that the loans were repaid. It is argued, however, that the presentation of the false and fraudulent loan applications was tantamount to the presentation of claims upon or against the Government of the United States or an agency thereof. We are of the opinion that the argument is without merit. The term "claim," in its common acceptance, denotes a demand for money or property as of right. Accord, Hobbs v. McLean, 117 U.S. 567, 575, 6 S.Ct. 870, 29 L.Ed. 940; Milliken v. Barrow, C.C., 65 F. 888, 894; United States v. Byron, D.C.,

223 F. 798, 800. There is no allegation that any such demands were ever made upon the United States or any agency thereof; in fact, the repayment of the loans precluded any such demands.

■ The essential allegations of counts 6 and 7 are identical with those of counts 1 to 5, inclusive. However, we observe that there are included in the ad damnum clauses not only claims for statutory damages but also claims for "double the amount of damages which the United States may have sustained." It, therefore, seems reasonable to assume that the causes of action asserted in counts 6 and 7 are based upon claims against the United States or any agency thereof. There is obviously a deficiency in the allegations of these counts, but this deficiency may be corrected by appropriate amendment.

We are of the opinion that counts 1 to 5, inclusive, fail to state a claim upon which relief can be granted and should, therefore, be dismissed. We are of the further opinion, however, that the plaintiff should be granted leave to amend counts 6 and 7.