**UNITED STATES of America,**
**Plaintiff,**

v.

**Howard A. McNINCH, d/b/a The Home Comfort Company, Rosalie McNinch and Garis P. Zeigler, Defendants.**

**Civ. A. No. 4859.**

United States District Court
E. D. South Carolina,
Columbia Division.

Feb. 15, 1956.

N. Welsh Morrisette, Jr., U. S. Atty., Columbia, S. C., for plaintiff.

Nelson, Mullins & Grier, Columbia, S. C., for defendants.

TIMMERMAN, Chief Judge.

I have for consideration defendants' motions to dismiss this action. The motion of Howard A. McNinch and Rosalie McNinch and the motion of Garis P. Zeigler are both made upon the same ground, that the complaint fails to state a claim against the defendants for which relief can be granted.

The complaint alleges substantially the following facts: The defendant Howard A. McNinch operated a business known as The Home Comfort Company which

had for its purpose the alteration, repair and improvement of homes. The defendant Rosalie McNinch was secretary of the business, and the defendant Garis P. Zeigler was employed as a salesman. At various times during the period from November, 1951, through January, 1953, the defendants submitted to the South Carolina National Bank, an institution approved by the Federal Housing Administration for insurance against losses sustained from the lending of money for home improvements, fraudulent FHA loan applications and credit reports pertaining to the financial condition of customers of the Home Comfort Company, and conspired thereby among themselves and their customers to defraud the United States by obtaining the approval of false and fictitious applications for loans insured by the Federal Housing Administration.

This action is brought under Sections 231 and 233 of Title 31 U.S.C.A. The pertinent part of Section 231 reads as follows:

> "Any person * * * who shall make or cause to be made, or present or cause to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, any claim upon or against the Government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent, or who, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, makes, uses, or causes to be made or used, any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry, or who enters into any agreement, combination, or conspiracy to defraud the Government of the United States, or any department or officer thereof, by obtaining or aiding to obtain the payment or allowance of any false or fraudulent claim, * * * shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing such act, together with the costs of suit; and such forfeiture and damages shall be sued for in the same suit."

It seems to me that the quoted part of Section 231 states three general categories under one or more of which an action must fall before it can be sustained thereunder. To come within the first category, it must appear from the complaint that the defendants made or caused to be made, or presented or caused to be presented, to a person or officer in the service of the United States a claim against the United States or some department thereof knowing such claim to be false, fictitious, or fraudulent. There is no allegation in the instant complaint that any such claim, false or otherwise, was ever made or presented to any department or officer of the United States by the defendants or anyone else.

To meet the conditions of the second category, it should be alleged in the complaint that the defendants, for the purpose of obtaining or aiding in obtaining the payment or approval of *such a claim*, made, used or caused to be made or used, a false bill, receipt, claim or other designated paper, knowing the same to be false or fictitious in some respect or respects. The instant complaint does not allege the existence of "such a claim," that is, "any claim upon or against the Government of the United States, or any department or officer thereof," for it is not contended that any such claim has ever been made or presented to or paid by the plaintiff or any department or officer of plaintiff.

To come within the third category, the complaint should allege that defendants entered into an agreement or conspiracy to defraud the United States or some department or officer thereof by obtaining or aiding in obtaining payment or allowance of a false or fraudulent claim. There is no contention in this case that the Government or any department or of-

ficer thereof has allowed, approved, or paid any "such claim."

The gist of the Government's contention in this case, as stated in its brief, is "that when a person presents a *credit application* known to be false to an FHA-approved lending institution for the purpose of obtaining a loan, as intended by the applicant, and the loan is insured by the FHA, the *False Claims Act* is violated even though *there is no default in* the loan." (Emphasis added.)

It may be that the statute should provide a penalty for what is here complained about, but it is quite obvious that it does not do so, maybe because when the Act was enacted in 1863, the Congress did not think in terms of the situation with which we are now concerned in 1956.

It seems evident that, if the statute is made to apply here, it will be after the Court has effected some very drastic amendments to the Act (a procedure not now novel in some courts), such as holding that a *credit application* directed to a bank is the same as a "claim upon or against the Government of the United States, or any department or officer thereof," the bank, of course, being regarded as the Government or a department thereof. I do not feel that I have the authority or competency to exercise such legislative power since by the Constitution all legislative power has been vested in the Congress of the United States.

In point here is the case of United States v. Tieger, in the United States District Court for the District of New Jersey. 138 F.Supp. 709. The opinion by Judge Smith was filed November 18, 1954. The facts there are on all fours with those here, except for names, dates, amounts, etc. Even, as here, the loans were all paid and no one suffered a loss. There as here it was argued, "that the *presentation of the false and fraudulent loan applications was tantamount to the presentation of claims upon or against the Government of the United States or an agency thereof.*" (Emphasis added.) Commenting on this argument, Judge

Smith said: "We are of the opinion that the argument is without merit. The term 'claim,' in its common acceptance, denotes a demand for money or property as of right. Accord, Hobbs v. McLean, 117 U.S. 567, 575, 6 S.Ct. 870, 29 L. Ed. 940; Milliken v. Barrow, C.C., 65 F. 888, 894; United States v. Byron, D.C., 223 F. 798, 800. There is no allegation that any such demands were ever made upon the United States or any agency thereof; in fact, the repayment of the loans precluded any such demands." I find myself in accord with the views expressed by Judge Smith in the cited Tieger case.

It appearing to me that the complaint fails to state a claim for which relief can be granted, defendants' motions to dismiss the action should be granted. Accordingly, it is so ordered.