UNITED STATES of America, Plaintiff,

v.

George Edwin BRETHAUER, d/b/a Brethauer Theatre Concession, and Joseph Bold, Defendants.

No. 14213–1.

United States District Court
W. D. Missouri, W. D.

Oct. 9, 1963.

F. Russell Millin, U. S. Dist. Atty., William A. Kitchen, Asst. U. S. Dist. Atty., Kansas City, Mo., for plaintiff.

William A. Wear, Springfield, Mo., for Brethauer.

Rubins, Kase & Rubins, Kansas City, Mo., for Joseph Bold.

JOHN W. OLIVER, District Judge.

This action pends on the motion of both defendants to dismiss both the first and second claims of the Government's First Amended Complaint.

The first claim is based upon the False Claims Act (Title 31, United States Code, Sections 231–235). In substance, that claim alleges that defendant Brethauer held concessionaire contracts with the Fort Leonard Wood Exchange which provided that he would remit and pay over to the Exchange a specific percentage of the gross receipts of the operation; that defendant Brethauer fraudulently concealed and misrepresented the actual amount of net profits (to be distinguished from the gross receipts) realized from the operation; that defendant Bold advised defendant Brethauer as to the means under which the alleged false statements relating to net profits were certified; that all of the acts were a part of an agreement, combination or conspiracy between the two defendants to present false reports to an agency of the United States and defraud such agency of funds rightfully payable to it; that plaintiff was accordingly deceived as to the amount of profits being realized by defendant Brethauer with the result that provision was not made for the payment of a just and fair rate of commission by defendant Brethauer to the Exchange, all of which resulted in a substantial loss to the Exchange; and that the acts alleged constituted the making of a false claim and entry into a conspiracy, all in contravention of the False Claims Act.

The Government's first claim, in our judgment, does not state a cause of action under the False Claims Act for reasons that we shall outline. United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 79, 87 L.Ed. 443 (1943), establishes that we are dealing with a hundred year old Civil War statute which is a part of what was originally the Act of March 2, 1863, 12 Stat. 696. Both criminal and civil remedies were provided in that Act to provide protection against those who would, as the Hess case states, "cheat the United States".

Hess also teaches that we must read and apply what is now Sections 231–235 of Title 31, United States Code, as the Congress wrote it. The fact that the same action may, under the statute involved, render one both criminally and civilly liable, or only civilly liable, or only criminally liable, is the concern of the Congress; not ours.

The first claim of the complaint does *not* allege that the Government paid any

*claim* by reason of the alleged acts of the defendants. The Government alleges, at least by inference, that except for the defendants' allegedly fraudulent acts, defendant Brethauer would have been required to pay the Post Exchange more than he did pay it. Hess holds that "the chief purpose of the statutes * * * was to provide for restitution to the Government of money *taken from it* by fraud". It is one thing to provide a statutory remedy to recover money taken from the Government by fraud; it is quite a different thing to attempt to recover under the same statute money allegedly fraudulently withheld from the Government.

The cases that have dealt with the latter problem are in quite general accord that the Government cannot, under the facts alleged in its first claim, rely upon the False Claims Act to sustain an action to recover moneys withheld from it by the allegedly fraudulent conduct of the defendants. See United States v. Elliott, D.C.N.Cal.1962, 205 F.Supp. 581 (involving a case quite close to the facts here alleged); United States v. Tieger, D.C.N.J.1954, 138 F.Supp. 709, affirmed 3 Cir. 1956, 234 F.2d 589, cert. denied 352 U.S. 941, 77 S.Ct. 262, 1 L.Ed.2d 237 (1956); and United States v. Farina, D.C.N.J.1957, 153 F.Supp. 819. Cf. United States v. Cohn, 270 U.S. 339, 46 S.Ct. 251, 70 L.Ed. 616 (1926). We accept and apply the rationale of those cases to this case. For the reasons stated and fully developed in the cited cases, defendants' motions to dismiss the first claim should be and will be sustained.

The Government's second claim involves more difficult and complicated problems. Paragraph 11 of the Government's complaint described the second claim as "a civil action for an accounting and judgment for money due the plaintiff".

Jurisdiction of the second claim is allegedly based on Section 1345, Title 28, United States Code. All of the allegations of the first claim are incorporated by reference and it is then alleged that the consequence of the acts and practices of the defendants was that the Exchange received less in commission payments than the sum to which it was entitled and that defendant Brethauer has retained and used such money for his own benefit.

The second claim alleges that the defendant Brethauer was without right and title to such money and that the plaintiff is entitled to an accounting and recovery of the same. The prayer of the second claim is for a judgment against the defendant Brethauer for the sum of money allegedly wrongfully withheld, together with interest and costs.

United States v. Elliott, supra, dismissed a count "for money had and received" because "the complaint does not allege any facts showing that the United States had any proprietary interest in the defendants' receipts from their concessions, nor does it allege facts showing that the concession revenues were received by defendants in trust for the United States" (584 of 205 F.Supp.)

But we are not convinced that the questions raised by an action for an accounting are quite so simply answered. Nor are we presently confident that those questions may be ruled definitely on a motion to dismiss.

Section 1345 of Title 28, United States Code, confers jurisdiction on this Court "of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress".

In our Memorandum and Order overruling defendant Brethauer's motion to dismiss the criminal action arising out of the same factual situation involved in this civil action (see our Memorandum and Order in that connection reported in United States v. Brethauer, W.D.Mo. 1963, D.C., 214 F.Supp 820) we went into the status of a Post Exchange in some detail. We adhere to what we said there as to the status of a Post Exchange.

But what we said there does not answer all of the questions presented by the

second claim. Specifically, the briefs of the parties in this case do not go into the questions of (a) whether Section 1345 of Title 28, United States Code, is broad enough generally to confer jurisdiction over actions for an accounting that may be brought by the United States; (b) whether, under the facts here involved, the United States is entitled to maintain an action for an accounting with or without specific statutory authority; (c) whether the interest of the United States, in light of its relationship to a Post Exchange, is such as to entitle it to maintain such an action with, or without specific statutory authority; (d) whether any statute, if a statute be necessary, authorizes such an action; and (e) whether such a cause of action lies in equity or at law, to be tried before the Court or to a jury.

United States v. Bank of New York, 296 U.S. 463, 479, 56 S.Ct. 343, 80 L.Ed. 331 (1936), at least intimates that we may have jurisdiction, although that case, of course, is far from the factual situation here involved. Such an intimation, however, suggests that we should not finally pass on defendant's motion to dismiss the Government's second claim until we have had the benefit of more adequate briefs from both parties.

Accordingly, defendants' motions to dismiss the Government's first claim should be, and the same, are hereby sustained.

Defendants' motions to dismiss the Government's second claim are overruled without prejudice; but both parties shall, within twenty (20) days of the date of this Memorandum and Order, file supplemental briefs directed to the legal questions above noted. The supplemental briefs shall be filed simultaneously and each party shall have five (5) days thereafter within which to file a reply brief. We will then be in a position to rule defendants' motions to dismiss the Government's second claim definitively.

It is so ordered.